## THE BOARD OF EDUCATION OF NORMAL SCHOOL DISTRICT

*v.*

## THE TRUSTEES OF THE FIRST BAPTIST CHURCH OF NORMAL.

1.  DEEDS—*construction of.* In the construction of deeds, courts will always incline to interpret the language as a covenant, rather than a condition.

2.  FORFEITURE *by non-user.* A deed of land to be used for church purposes only, but which provides that, if used for other purposes, a stipulated sum shall be paid in addition to the original consideration, upon which the title shall be absolute, with power to sell to other uses, does not create a qualified or determinable fee, but only a condition subsequent.

3.  CONDITION—*how discharged.* Such condition is discharged by payment or tender of the sum stipulated.

4.  FORFEITURE—*who may declare.* A stranger can not take advantage of such condition, and the estate can only be defeated by the actual entry of the grantor or his heirs.

5.  CONSIDERATION—*certainty.* If the consideration be uncertain, or in the alternative, and if the intention of the parties can be ascertained from memoranda or accompanying writings, with reasonable certainty, this is all the law requires.

6.  Possession and use proves the ratification of a contract.

· APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. WELDON & BENJAMIN, for the appellants.

Mr. W. M. HATCH, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The object of this suit was to recover the purchase money of a house and lot of ground, sold by the trustees of the church to the board of education.

The declaration contained special and the common counts; and the pleas were, non-assumpsit, failure of title, and the statute of frauds.

It is urged that there was a forfeiture of the estate when the trustees ceased to use the property for church purposes. The deed to the trustees provided that the property should be used for church purposes only, but when it ceased to be so used, that the grantees should pay to the grantor $200; and then the former should have an absolute title with power to sell and convey for any purpose.

This language did not make a qualified or determinable fee. In looking at the entire deed, there was no event which circumscribed the continuance of the estate. The property was granted for church purposes, for a nominal consideration, and if not used for such purposes, the consideration was to be $200. This is the plain intent of the grantor, and the import of the language. In the construction of deeds, courts will always incline to interpret the language as a covenant, rather than a condition.

If there was a condition, it was a condition subsequent, which is not favored in law, and must always be construed strictly. A stranger can not take advantage of it, and the estate can only be defeated by the actual entry of the grantor or his heirs. 4 Kent's Com. 125, *et seq*; *Voris* v. *Renshaw,* 49 Ill. 425; 1 Wash. R. P. 444, *et seq.*

In this case there was no attempt at entry by the grantor; and the proof shows that there was a tender of performance on the part of the trustees. By such tender the land was discharged, but the debt remained. 4 Kent's Com. 132.

We do not think that there was any failure of title.

It is next contended that the written memoranda of the bargain did not show the consideration.

As we gather from the record of the board of education, the proposition was to sell for $2000 in cash, or $2200 payable on the 1st of September, 1870, which proposition was accepted by a formal entry upon the minutes, and the president

and secretary of the board were authorized to conclude the purchase by issuing a bond for the purchase money.   But the proposition was in the alternative.   Which was accepted?

The subsequent act of the board, by its authorized officers, shows that notes were executed for $2000, payable on the 1st of September, 1870.   It was also proved that the board assumed to pay the $200 to the grantor in the deed to the trustees of the church.   The conclusion follows, that the proposition to sell for $2200 was accepted, and that the purchase money, to be paid to the trustees, was $2000.

The written memorandum authorizing the issue of a bond, and the notes, which were subsequently made out and signed, clearly indicate that the proposition to sell for cash was not accepted.   The substance of the contract can be ascertained from the writings with reasonable certainty, and this is all that the law requires.   The direction to issue the bond, the fact that notes were executed, and the time of their maturity, conclusively show the acceptance of the proposal to sell upon a credit.

The difference between the notes and the amount proposed, is fully explained, if any explanation were needed, by the undertaking on the part of the board to pay $200 to discharge the land.

The board of education took possession of the property, repaired it, and for months used it for the purposes of a school, and common honesty and good faith require that it should pay for the property.

The judgment is affirmed.

*Judgment affirmed.*