(No. 13941.—Judgment affirmed.)

ELIZA McELVAIN *et al.* Appellees, *vs.* JOHN DORRIS *et al.* Appellants.

*Opinion filed June 22, 1921.*

1. EJECTMENT—*re-entry on breach of condition subsequent may be made by suit in ejectment.* Where a conveyance contains a condition subsequent, upon the breach of which the estate will revert to the grantor, a breach of the condition does not, of itself, determine the estate, but an entry, or some act equivalent thereto, is necessary to re-vest the estate, and the bringing of a suit in ejectment is equivalent to such re-entry.

2. DEEDS—*condition subsequent will be strictly construed.* A condition subsequent which destroys an estate is not favored in the law and will be strictly construed, and if from the language employed there is doubt as to what was intended by the condition, the condition will never be enlarged by construction but the doubt will be resolved in favor of the grantee.

3. SAME—*when maintenance of building on tract conveyed "for mill purposes" is not a compliance with condition.* Where a tract of land is conveyed "for mill purposes, and if not used for mill purposes the title reverts back to the former owner," the condition requires the carrying on of the business of a mill, and the mere erection of a building that can be used for a mill, or its continuance on the premises for other purposes after milling operations have ceased, is not a compliance with the condition.

APPEAL from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding.

JOHN E. CARR, and LAYMAN & JOHNSON, for appellants.

H. F. KNOX, and W. P. SEEBER, for appellees.

Mr. JUSTICE·CARTWRIGHT delivered the opinion of the court:

The appellees, heirs-at-law of Emily Childers, deceased, brought this suit in ejectment in the circuit court of Franklin county against the appellants, who had derived title by a chain of conveyances from T. A. Henson, to recover possession of a tract of land 210 feet wide north and south and 274 feet long east and west, in section 19, township 7, range 3, in said county. A jury having been waived, there was a trial by the court upon evidence offered and a stipulation of facts, and there was a judgment for the appellees, from which this appeal was taken.

In 1899 the inhabitants of West Frankfort, a small village in Franklin county, offered a bonus of $400 to any person who would establish a flour mill at that place, and T. A. Henson, with a view to establishing such a mill, made application to Emily Childers to purchase the tract in question for a mill site. The price of the tract was $30 and Mrs. Childers agreed to contribute $5 and executed a warranty deed to Henson containing this condition: "This tract of land is to be used for mill purposes, and if not used for mill purposes the title reverts back to the former owner." The deed was deposited with the notary public who took the acknowledgment, to be held by him until the mill was established. The mill was built and put in operation and the premises were used for mill purposes until after the death of Emily Childers, in 1905. The building was abandoned for mill purposes four or five years ago

and has been since used for storing cement and as a residence for colored people.

Annexed to the grant there was a condition subsequent, by a breach of which there would be a right of re-entry by the grantor or her heirs-at-law. (*Gray* v. *Chicago, Milwaukee and St. Paul Railway Co.* 189 Ill. 400; *Lyman* v. *Suburban Railroad Co.* 190 id. 320; *Jackson* v. *Knapp,* 297 id. 213.) A breach of the condition in such a case does not, of itself, determine the estate, but an entry, or some act equivalent thereto, is necessary to re-vest the estate, and bringing a suit in ejectment is equivalent to such re-entry. *Mott* v. *Danville Seminary,* 129 Ill. 403; *Golconda Northern Railway* v. *Gulf Lines Connecting Railroad,* 265 id. 194; *Hart* v. *Lake,* 273 id. 60.

A condition subsequent which destroys an estate is not favored in the law and such conditions are strictly construed. (Sheppard's Touchstone, 133; 4 Kent's Com. 129.) If from the language employed there is doubt as to what was intended by the condition the doubt is to be resolved in favor of the grantee, and the condition will never be enlarged by construction. Under that rule it is argued that the words "mill purposes" are ambiguous and indefinite and may mean nothing more than the erection of a mill building, and in that view of the condition there has been no breach because the building still stands on the premises. We cannot agree with the argument. The words employed plainly mean the pursuit, following, prosecution and carrying on of the business of a mill, and the mere erection of a building that could be used for a mill, or its continuance on the premises, was not a compliance with the condition.

There was a breach of the condition and the action of ejectment was equivalent to a re-entry, and therefore the judgment is affirmed.                    *Judgment affirmed.*