(No. 18624.— )
JAMES POWELL *vs.* CHARLES H. POWELL *et al.*—(THE
FIRST TRUST AND SAVINGS BANK OF KANKAKEE, Ap-
pellant, *vs.* ANNA E. BECHTEL *et al.* Appellees.)

*Opinion filed June 19, 1929.*

Luther B. Bratton, for appellant.

Frank J. Burns, and James T. Burns, for appellees.

Mr. Justice DeYoung delivered the opinion of the court:

James Powell filed an amended bill in the circuit court of Kankakee county against Charles H. Powell, Mathilda M. Powell, C. B. Sawyer, trustee, the First Trust and Savings Bank of Kankakee, the City National Bank of Kankakee, Harry O. Mang, Fred W. Mang and Fred H. Zeisler, partners doing business as the Mang-Zeisler Garage, E. F. Gerrity, trustee, and George Miller, praying that a deed from the complainant to his son, Charles H. Powell, and any instruments by the son affecting the land conveyed to him, be canceled; that the complainant be decreed to be the owner of the land, except a sixty-acre tract, without any claim thereto by any of the defendants, and that the persons in possession be required to surrender possession to the complainant. The bill was taken as confessed by all the defendants except the First Trust and Savings Bank of Kankakee and the partners conducting the garage. These defendants filed answers, to which the complainant filed a replication. The bank also filed a cross-bill, which the complainant answered. The cause was heard upon an agreed statement of facts and additional evidence. A decree was rendered granting the relief sought by the bill, and the cross-bill was dismissed. From that decree the First Trust and Savings Bank of Kankakee prosecutes this appeal.

During the pendency of the appeal James Powell died, and his death having been suggested of record, Anna E. Bechtel, the executrix of his last will, and Anna E. Bechtel and Daniel Seyvert, sole devisees under that will, were substituted as appellees.

Prior to January 24, 1921, James Powell, a widower, seventy-eight years of age, and a resident of the city of Kankakee, owned the northeast quarter of the southeast quarter of section 20, the northeast quarter of the southwest quarter of section 21, the northeast quarter of the northeast quarter of section 29, and the sixty acres adjoining on the west the east four acres of the west half of the southeast quarter of section 16, all in township 31 north, range 11 east of the third principal meridian, in Kankakee county. On that day he conveyed the land described to his son, Charles H. Powell. The deed recited the receipt of one dollar and other good and sufficient considerations, and concluded: "This deed given as a gift. * * * This conveyance is made subject to the payment of the grantee to grantor during his lifetime the sum of five hundred dollars per year, two hundred fifty dollars payable November 1 and two hundred fifty dollars payable March 1 of each and every year, beginning November 1, 1922. If grantee fails to make either of said payments, as herein provided, the title to said premises shall revert to grantor and grantee herein accepts this title subject to said conditions." The deed was acknowledged and recorded on the same day and the grantee entered into possession of the land conveyed to him.

On February 27, 1922, the grantee, Charles H. Powell, and Mathilda M. Powell, his wife, by a deed acknowledged and recorded that day, conveyed the sixty-acre tract to Anna E. Christman, a daughter of James Powell. This deed contained the following provision: "The grantee herein assumes and agrees to pay as a part of the consideration the sum of $166.66 per annum to James Powell during the term

of his natural life being a part of a charge of $500 per annum reserved by said James Powell in deed to grantor herein, which deed bears date January 24, 1921." After this conveyance the payments to be made by Charles H. Powell were reduced to $333.34 annually, or $166.67 to be paid on the first day of March and a like sum on the first day of November in each year. On May 4, 1925, Charles H. Powell and his wife by a trust deed conveyed the northeast quarter of the northeast quarter of section 29 to C. B. Sawyer, trustee, to secure the payment of Powell's note for $1600, dated the same day, due in three years, with interest at five and one-half per cent per annum, payable annually. The note was delivered to the First Trust and Savings Bank of Kankakee, and the trust deed was acknowledged and recorded on the day of its execution.

Charles H. Powell failed to make the payments which by the deed from his father to himself he was required to make on November 1, 1925, and March 1 and November 1, 1926. He also failed to pay the taxes levied on the land, and a tax sale followed, from which his father made redemption. Default in the payment of interest on the note secured by the trust deed to Sawyer resulted in the institution of a suit to foreclose the trust deed. On August 11, 1926, the First Trust and Savings Bank recovered a judgment against Charles H. Powell for $240.03 and costs of suit. Some time thereafter Harry O. Mang, Fred W. Mang and Fred H. Zeisler, partners, recovered a judgment against Powell for $923.34 and costs. The consideration for each of the notes which resulted in these judgments was received by Powell, the judgment debtor, subsequently to his conveyance of the sixty-acre tract to Anna E. Christman.

Appellant contends that the provision in the deed from James Powell to his son prescribing the payments to be made on the first days of March and November in each year is a covenant, and that by the deed title to the land passed to the son irrevocably as a gift. Appellees, on the

contrary, insist that the provision constitutes a condition subsequent, and that the grantee's breach of that condition authorized the grantor to re-enter and re-invest himself with the title.

The acceptance by the grantee of a deed conveying an estate in land and containing a covenant or agreement to be performed by the grantee, followed by his entering into possession of the premises, binds the grantee to the performance of the covenant or agreement as effectually as if he had signed the deed. (*Sanitary District* v. *Chicago Title and Trust Co.* 278 Ill. 529; *Dean* v. *Walker,* 107 id. 540; *Schmidt* v. *Glade,* 126 id. 485; *Sanitary District* v. *Martin,* 227 id. 260; *Druecker* v. *McLaughlin,* 235 id. 367; *Midland Railway Co.* v. *Fisher,* 125 Ind. 19; *Sexauer* v. *Wilson,* 136 Iowa, 357; *Burbank* v. *Pillsbury,* 48 N. H. 475; *Atlantic Dock Co.* v. *Leavitt,* 54 N. Y. 35; *Atlanta, Knoxville and Northern Railway Co.* v. *McKinney,* 124 Ga. 929; *Hickey* v. *Lake Shore and Michigan Southern Railway Co.* 51 Ohio St. 40.) In the instant case, however, there was no covenant or agreement on the part of the grantee. The deed declared that if the grantee failed to make a payment as specified the title should revert to the grantor and that the grantee accepted the title subject to that condition. The grant, if a gift, was made upon condition, and was not absolute and irrevocable, as the appellant contends. The effect of the conveyance was to vest the title to the land in the son, but the father retained the right of re-entry in case of a breach of the condition. If the son failed to make any of the payments prescribed, the loss he incurred would be the forfeiture of the estate. He was willing, as the words in their natural and ordinary sense indicate, to risk the loss of the land when a breach of the condition occurred. While if there is a doubt whether a provision in a deed is a condition or a covenant it will be construed to be a covenant to prevent the destruction of the estate (*Sanitary District* v. *Chicago Title and Trust Co. supra; Bald* v.

*Nuernberger,* 267 Ill. 616; *Nowak* v. *Dombrowski,* 267 id. 103; *Koch* v. *Streuter,* 232 id. 594), yet where the language of the instrument is unambiguous and its meaning is clear there is no room for construction. The intention to create a condition subsequent is manifest and the instrument must be enforced according to its terms.

A condition subsequent differs from a covenant. The legal responsibility for the non-fulfillment of a covenant is that the party violating it must respond in damages. The consequence of the non-fulfillment of a condition subsequent is a forfeiture of the estate conveyed, and in such a case the grantor may re-enter and possess himself of his former estate. Non-compliance with a condition subsequent does not, of itself, determine the estate, since the right to enforce a forfeiture may be waived. Notwithstanding the breach the estate abides in the grantee until it is defeated and determined at the election of the grantor or his heirs. This election may be signified by a re-entry or by some act equivalent thereto. Such re-entry or equivalent act is necessary to re-vest the estate in the grantor. *Mott* v. *Danville Seminary,* 129 Ill. 403; *Ruch* v. *City of Rock Island,* 97 U. S. 693; 2 Washburn on Real Prop. (6th ed.) secs. 954, 957.

A court of equity will not lend its aid to enforce a forfeiture because of a breach of a condition subsequent in a deed. (*Golconda Northern Railway* v. *Gulf Lines Connecting Railroad,* 265 Ill. 194; *Toledo, St. Louis and New Orleans Railroad Co.* v. *St. Louis and Ohio River Railroad Co.* 208 id. 623; *Douglas* v. *Union Mutual Life Ins. Co.* 127 id. 101; 3 Story's Eq. Jur.—14th ed.—sec. 1732.) An action of ejectment is the appropriate remedy to enforce a forfeiture upon the breach of such a condition. (*Sanitary District* v. *Chicago Title and Trust Co. supra; Gray* v. *Chicago, Milwaukee and St. Paul Railway Co.* 189 Ill. 400; *Latham* v. *Illinois Central Railroad Co.* 253 id. 93.) The presence, as parties to the instant suit, of the grantee's mort-

gagee and judgment creditors does not warrant a departure from the rule stated. The deed was recorded immediately after its execution and the record became constructive notice to all persons of the condition it contained. All parties claiming under or through the grantee were bound to know that only by performance of the condition could the grantee's retention of the title be assured.

Appellees misconceived their remedy, and the decree of the circuit court of Kankakee county is therefore reversed and the cause is remanded to that court, with directions to dismiss the bill for want of jurisdiction.

*Reversed and remanded, with directions.*