(No. 20445.—

RALPH NEWTON *et al.* Appellants, *vs.* THE VILLAGE OF GLEN ELLYN, Appellee.

*Opinion filed April 23, 1931.*

CHARLES J. TRAINOR, and SIMS, GODMAN, STRANSKY & BREWER, for appellants.

RUSSELL W. KEENEY, (JOEL BAKER, of counsel,) for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The circuit court of DuPage county sustained a demurrer to the amended bill of Ralph Newton and others, being the heirs of William C. Newton, against the village of Glen Ellyn, and dismissed the bill for want of equity. The complainants have appealed.

It appears from the bill that William C. Newton, the grandfather of the complainants, on November 30, 1920, conveyed to the village of Glen Ellyn, as a gift, a parcel of real estate situated in the village at the northwest corner of Main street and Pennsylvania avenue, the deed including the following clause: "It is expressly understood that said village by its president and board of trustees shall by official action accept said described real estate as a gift to said village, said premises to be used solely for municipal purposes, whereon shall be erected a municipal building or buildings within such time as shall be deemed reasonable, said acceptance by said village for the uses and purposes above stated shall be expressed within ninety days from the date hereof." The conveyance was accepted in writing by the village officials and the acceptance was recorded in the office of the recorder on December 23, 1920. The grantor died on December 27, 1920. The bill alleges that notwithstanding a reasonable time has elapsed since the execution of the deed the village has failed to use the premises for the purpose designated in the gift and has failed to erect a municipal building thereon and has not performed the conditions set forth in the deed or any of them, but, on the contrary, the premises remain in the same condition as when the deed was executed and delivered; that since the execution of the deed the village about the year 1925 erected municipal buildings upon other premises and is now using such buildings for municipal purposes, and by reason of the non-performance of the provisions of the deed by the village the complainants, who are the only heirs of the grantor, on October 10,

1928, caused a notice to be served on the village abrogating and annulling the deed of November 30, 1920, and demanded that the village convey the premises to them, but the defendant refused to do so; that the village paid no consideration for the premises; that William C. Newton, the grantor, was the son of one of the founders of the village and was desirous of creating and perpetuating in said village a memorial to his name by donating the premises on the condition that municipal buildings would be erected thereon. By an amendment to the bill it was alleged that the property at the time of the conveyance to the village was vacant and unoccupied and has continued down to the present time in that condition and the defendant is not in possession thereof; that the grantor at the time of the conveyance was the owner of a large amount of other real estate in the village of Glen Ellyn and in close proximity to the property described in the deed, and that if the conditions in the deed were complied with and the municipal buildings erected on the property conveyed to the village, the other property owned by the grantor would thereby have become greatly enhanced in value. It was further alleged that the deed of November 30, 1920, is a cloud upon the complainant's title to the premises. Complainants pray, being without relief in the premises except in a court of equity, that the deed be declared void, that the complainants be declared the lawful owners of the premises, that the defendant be decreed to convey to the complainants whatever apparent title there may be by reason of the deed, and that upon its failure to do so a master in chancery may be directed to execute such deed.

The appellants contend that the provision in the deed constituted a condition subsequent, which was broken by the failure of the village within a reasonable time to use the premises for municipal purposes and to erect a municipal building or municipal buildings thereon; that the heirs of the grantor had a right to forfeit the estate for the breach

of condition and might treat it as if the title had reverted and was re-vested in them. It is the settled law that a breach of a condition subsequent in a conveyance does not of itself determine the estate conveyed but a re-entry or some act equivalent thereto is necessary to re-vest the estate. (*McElvain* v. *Dorris,* 298 Ill. 377, and cases cited.) A mere notice to the grantee and demand of a conveyance is not equivalent to a re-entry. It is also the well settled law that a court of equity will not lend its aid to enforce a forfeiture because of a breach of a condition subsequent in a deed. The latest case in which this rule has been announced is that of *Powell* v. *Powell,* 335 Ill. 533, in which many authorities are cited and the rule is stated that an action of ejectment is the appropriate remedy to enforce a forfeiture upon the breach of such a condition. It was held that the appellees in that case had misconceived their remedy, and the decree of the circuit court was reversed and the cause remanded, with directions to dismiss the bill for want of jurisdiction. If the conveyance to the village in this case was subject to a condition subsequent which has been broken, the remedy of the appellants is not by a bill in equity to remove a cloud upon their title but by an action of ejectment to recover the premises. The bill alleges, and it is admitted by the demurrer, that the village is not in possession of the premises, but it is clear that it is claiming title to them, and section 7 of the Ejectment act provides that an action for the possession of premises which are not occupied may be brought against any person exercising acts of ownership of them or claiming title to them or some interest therein at the commencement of the suit. Ejectment may be maintained for the possession of premises not actually occupied, against any person claiming title thereto or an interest therein, although not in possession. *Converse* v. *Dunn,* 166 Ill. 25; Rev. Stat. 1874, chap. 45, sec. 7.

The decree is affirmed.                    *Decree affirmed.*