(No. 25488.—

RALPH NEWTON *et al.* Appellees, *vs.* THE VILLAGE OF GLEN ELLYN, Appellant.

*Opinion filed April 17, 1940—Rehearing denied June 14, 1940.*

51

Wilson, C.J., dissenting.

Robert J. Scott, (Richard M. White, of counsel,) for appellant.

Charles J. Trainor, (Leo J. Bartoline, of counsel,) for appellees.

Mr. Justice Murphy delivered the opinion of the court:

The appellees, heirs-at-law of William C. Newton, deceased, brought this suit in ejectment in the circuit court of DuPage county against the Village of Glen Ellyn to recover possession of a lot located in said village. A jury having been waived, there was a trial by the court which resulted in a judgment for the appellees, from which this appeal was taken.

November 30, 1920, William C. Newton and Lavinia Newton, his wife, executed a deed, the pertinent parts of which are as follows:

"The grantors for certain good considerations and for the uses and purposes hereinafter named do hereby convey and warrant to the Village of Glen Ellyn * * * the following described real estate. * * * It is expressly understood that said Village by its President and Board of Trustees shall, by official action, accept said described real estate as a gift to said Village, said premises to be used solely for municipal purposes, whereon shall be erected a municipal building or buildings within such time as shall be deemed reasonable, said acceptance by said Village for the uses and purposes above stated shall be expressed within ninety days from the date hereof."

December 14, 1920, the village board adopted a resolution the pertinent parts of which are as follows:

"Whereas, William C. Newton, now the oldest resident of the Village of Glen Ellyn and a son of Dr. Lensy Q. Newton, one of the first settlers in this region, the first physician and the owner and platter of the original town of Danby, now Glen Ellyn, has generously conveyed to the Village the lot located on the northwest corner of Pennsylvania avenue and Main street, and known as Lot forty-three (43) * * * and whereon was located the old Newton homestead, that our Village may have a site for, and may in due time, erect thereon a suitable municipal building for general municipal purposes, said conveyance being conditioned on the acceptance by the village of said gift for the uses and purposes indicated in the deed of conveyance;

"Therefore be it resolved by the President and Board of Trustees, in lawful meeting assembled,

"First, that said gift be and the same is hereby accepted on the terms, conditions, and for the purposes prescribed in said deed of conveyance.

"Second, that it shall be the aim and the intent of said board to carry out the object of said gift.

"Third, that a proper, suitable and enduring memorial stone or tablet shall be established in a suitable and conspicuous place, commemorating the Newton name, its associations with this village, and the fact of the presentation or the gift of said lot by William C. Newton to the village."

The lot was vacant at the time of the conveyance and the village has never used it for any purpose except for the

planting of some shrubbery and the installation of a drinking fountain. At the time of the execution of the deed the village was using a municipal building which was in a bad state of repair. It was located near the lot in question and on the same street. The village continued the use of the old building until 1923, when it moved its offices to a building located on another street. In 1925, the village issued bonds and erected a substantial municipal building on the site where the old one had been located. In 1927, the village moved its offices into the new building and have used it continuously from that date. In 1928, appellees caused a written declaration of forfeiture to be served on the village and thereafter demanded possession of the lot. Possession was refused and the parties, who are appellees here, began an equitable action to quiet the title. The trial court sustained a demurrer to the bill and on appeal to this court the decree was affirmed. *Newton* v. *Village of Glen Ellyn,* 343 Ill. 489.

The crucial question is whether the lot was conveyed with a condition subsequent attached or was it conveyed under such terms as to be a mere covenant? A preliminary point arises as to whether the main question shall be determined solely by a consideration of the words contained in the deed, as is contended by the village, or shall it be determined from a consideration of the words in the deed and the contents of the resolution of the village board as appellees urge.

To render a deed operative to pass title there must be not only a delivery of the deed by the grantor but also an acceptance thereof by the grantee. The acceptance of the conveyance by the grantee is as essential to the passing of the title as the delivery by the grantor, and where the acceptance is not proved and the facts do not justify the presumption of law that the grantee has accepted, the title does not pass. *Moore* v. *Flynn,* 135 Ill. 74; *Hill* v. *Kreiger,* 250 id. 408; *Coleman* v. *Coleman,* 216 id. 261.

In this case the grantors did not leave the time of acceptance unlimited but provided that it had to occur within ninety days from the date of the deed. Under such terms, the time of acceptance within the ninety-day period became a condition precedent which had to be performed within the time specified, or the title would not pass. The resolution was the official action of the village complying with the terms of the condition. In determining whether the transfer of title had a condition subsequent attached or a mere covenant, a controlling consideration is the intention of the grantors. There is nothing in the evidence indicating the grantors knew of the provisions to be embodied in the resolution. Some of the words in the resolution would be evidence of the construction the officers of the village placed upon the words in the deed, but without some connecting proof they would not be evidence of the intent of the grantors. When the acceptance occurred within the time specified, the title passed to the village subject to the terms stated in the deed.

One of the most important considerations in determining whether a clause is a condition subsequent or something else is the presence or absence of a clause providing for reentry by the grantor or his heirs, or forfeiture of the estate for a breach. (*Koch* v. *Streuter,* 232 Ill. 594; *Rooks Creek Church* v. *First Church,* 290 id. 133.) Such a clause, while not indispensable, is always important as evidence of an intent to impose a condition subsequent and will make certain that which, in its absence, is left open to construction. *Druecker* v. *McLaughlin,* 235 Ill. 367; *Dunne* v. *Minsor,* 312 id. 333.

Words such as "on condition," "so that" and "provided," in a deed, are apt words to create a condition subsequent, yet such words may be construed in view of the context as creating a covenant rather than a condition. (*Nowak* v. *Dombrowski,* 267 Ill. 103.) In *Rooks Creek Church* v. *First Church, supra,* it was said: "According to the weight

of authority, a clause only operates as a condition when it is apparent, from the whole scope of the instrument, that it was intended so to operate,—or, in other words, there is no technical rule but the courts are bound in each case to ascertain the intent and give the instrument effect accordingly. The intention of the parties as ascertained from the instrument itself will be enforced when this can be done consistently with the rules of law." In the latter case the words "on condition" were used in connection with the grant but no provision was made for reentry. The instruments under consideration were construed as creating a condition subsequent. In *Dunne* v. *Minsor, supra,* the words "upon the further condition" were used in the wills but no right of reentry was stated. It was held that a condition subsequent was created.

In *Downen* v. *Rayburn,* 214 Ill. 342, a deed conveyed to the trustees of a certain congregation "a certain lot or tract of land to be used as a church location to have and to hold as above described." This court held that no condition subsequent was created. In *Star Brewery Co.* v. *Primas,* 163 Ill. 652, the premises were conveyed with a restriction against a particular use. It was said there was nothing in the language of the deed under consideration to indicate that it was a deed upon condition precedent or subsequent. The words "upon condition" were not used. There was no provision for reentry in case of a breach of covenant. Such provision usually indicates an intent to create a condition subsequent. To the same effect is *King* v. *Lee,* 282 Ill. 530. In *Gallaher* v. *Herbert,* 117 Ill. 160, it was stated: "In the construction of deeds courts will always incline to interpret the language as a covenant rather than as a condition. (*Board of Education* v. *Trustees,* 63 Ill. 204.) There is nothing in the form of the language here employed to indicate that it was intended the conveyance was upon a condition subsequent. The words 'upon condition' do not occur and there are no other words of

equivalent meaning. There is no clause providing that the grantor shall reenter in any event, and these are the usual indications of an intent to create a condition subsequent."

There are no words contained in the deed in question that can be construed as having a meaning equivalent to the words ordinarily used to express a condition. It is argued by appellees that the word "understood," as used in the first line, should be construed as "agreed." The adoption of such meaning would not aid appellees' position, for the part which provides "it is expressly understood that said Village by its President and Board of Trustees shall, by official action, accept said described real estate as a gift to said Village," deals with the same subject matter as the latter part of the paragraph. The words "said premises to be used solely for municipal purposes, whereon shall be erected a municipal building or buildings within such time as shall be deemed reasonable" could be omitted and the first and last part of the paragraph would make a complete, connected sentence. If the word "understood" was to be given the meaning of "agreed," it would refer to the matter of acceptance as stated in the first and last parts of the paragraph. The words "said premises to be used solely for municipal purposes," etc., stand alone, and there are no words within that part which indicate an intention to transfer the title only on the condition that the lot be used as a site for a municipal building and in the event of a breach it should revert to the grantors.

It is a well-settled rule that in construing a deed containing restrictions as to the use of property conveyed in fee, all doubts will be resolved against the restrictions and in favor of the free use of the property. *Downen* v. *Rayburn, supra; Koch* v. *Streuter, supra.*

For the reasons stated the judgment of the circuit court is reversed.

*Judgment reversed.*

Mr. CHIEF JUSTICE WILSON, dissenting.