(No. 28608.—)

CONCEPCION COBOS VDA DE STORKE *et al.,* Appellants, *vs.*
PENN MUTUAL LIFE INSURANCE COMPANY, Appellee.

*Opinion filed May 23, 1945.*

JOHN W. ELLIS, and JOHN R. HACKETT, both of Chicago, for appellants.

SONNENSCHEIN, BERKSON, LAUTMAN, LEVINSON & MORSE, (DAVID LEVINSON, and BEN ROTHBAUM, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellants, as plaintiffs, prosecuted this action in the circuit court of Cook county as heirs-at-law of Jay E. Storke. Jay E. Storke and Bernard Timmerman, now

both deceased, in 1889 subdivided approximately forty acres of land into lots. At that time the property was outside the limits of the city of Chicago. It is now located in the neighborhood of Halsted street between Seventy-fifth and Seventy-ninth streets. Part of the property involved was conveyed by deed containing the following covenant:

"And the party of the second part [the grantee in said deed], his heirs and assigns hereby covenant and agree that no saloon shall be kept and no intoxicating liquors be sold or permitted to be sold on said premises herein conveyed or in any building erected upon said premises; and that in case of breach in these covenants or any of them said premises shall immediately revert to the grantors, and the said party of the second part shall forfeit all right, title and interest in and to said premises."

It was agreed to be binding upon the heirs, executors, administrators and assigns of the respective parties. The balance of the premises involved had a covenant of substantially the same wording and with like effect. There was also one providing that the building erected upon the premises should cost at least $2500, but no question is raised as to the value of the building upon the premises.

By mesne conveyances, appellee Penn Mutual Life Insurance Company, on November 19, 1934, acquired title to the premises involved herein by quitclaim deed, which did not contain the covenant prohibiting the use of saloons upon the premises. The premises have been occupied by Edward Walsh as tenant of Penn Mutual Life Insurance Company since 1934, and have been operated during all of that period as a saloon or tavern. The plaintiffs are the heirs-at-law of Jay E. Storke. The heirs of Bernard Timmerman are unknown. There are 491 lots in the sixteen blocks embraced in the subdivision, which are covered by the same restrictions as to the use of the premises.

The facts disclose this subdivision has become a built-up business section of the city of Chicago, and located in various parts of it are saloons or taverns, with at least six-

teen saloons in the neighborhood of the property involved or in the adjoining blocks, and liquor has been almost continuously sold in this subdivision since 1933, the date of the repeal of the prohibition amendment. There have been numerous instances where the heirs-at-law of Timmerman or Storke have released and waived the restriction contained in the deed, from as far back as 1904 to as late as 1924.

In 1926, appellee Penn Mutual Life Insurance Company purchased a first mortgage on the premises herein involved for the sum of $42,500, and in November, 1934, it purchased the title to said property and released said mortgage lien and the personal liability of the mortgagor in reliance upon the abandonment of the possible right of reverter by the heirs of Jay E. Storke, and by their waiver of the restriction by acquiescing in the use of the said premises in said subdivision for saloon purposes and by releasing and relinquishing any possible right of reverter therein.

December 29, 1942, plaintiffs filed their complaint asking that the court establish title in the plaintiffs and the unknown heirs of Timmerman, and that defendant and appellee insurance company be decreed to have no right or title in the premises; that the interest of the plaintiffs and the heirs of Timmerman be ascertained; that partition be had of the premises; that the defendant Walsh be perpetually enjoined from maintaining a tavern, and that plaintiffs have further relief, etc. The case was tried upon a stipulation of facts, and anything not pointed out above, necessary to a decision of this case, will be referred to hereafter.

To reach a proper conclusion under the disclosed facts, it is necessary to determine the character of the condition, covenant, or reservation contained in the deed from the original grantors. Appellants say they do not deem it necessary to classify their supposed reversionary interests

as either based upon a conditional limitation or as a condition subsequent, but assert that they rely upon the decision of *Pure Oil Co.* v. *Miller-McFarland Drilling Co., Inc.*, 376 Ill. 486. Since the reversionary right in that case was held to arise from a deed containing a conditional limitation, we must infer that such is the basis of appellants' case. Appellee insurance company, however, contends the provisions in the deed upon which appellants seek to recover constitute conditions subsequent. Such different results follow from these different contentions that resolving the character of the restrictions contained in the deed will be determinative of the case.

The distinction between a conditional limitation and a condition subsequent is sometimes very refined, because of the language used under the different situations under which the question arises. Many distinctions are to be found in the books whether from the words used there is created a condition subsequent making the estate voidable, or words of limitation causing the estate to cease. The term "conditional limitation" in this State has been applied both where, upon the happening of certain events, the estate goes to third persons, and where a determinable or base fee is granted to the first taker followed by a possibility of reverter upon the happening of a contingency. (Tiffany, 2d, sec. 90.) The term will be used herein in the latter sense.

The basic difference between estates upon conditional limitation and those upon condition subsequent is ascertained by the fact that, in the latter case, the entire estate has passed to another, but can be returned to the grantor upon the subsequent happening of a described event; while in the case of a conditional limitation, the estate passed to another contains within itself the ground for its return to the grantor. The common-law writers witness the distinction as follows: In Preston on Estates, pages 40-45, it is said: "Every limitation which is to vest an interest

on condition, or rather a contingency, (for that is the correct phrase,) in other words, an event which may or *may not* happen is a conditional limitation. * * * Between a limitation and a condition there is this important difference: A limitation marks the *utmost* time of *continuance;* a condition marks some event, which, if it takes place in the course of that time, will defeat the *estate.*" In Kent's Commentaries, vol. 4, p. 127, it is stated: "Words of *limitation* mark the period which is to determine the estate; but words of *condition* render the estate liable to be defeated in the intermediate time, if the event expressed in the condition arises before the determination of the estate, or completion of the period described by the limitation. The one specifies the utmost time of continuance, and the other marks some event, which, if it takes place in the course of that time, will defeat the estate." So, in Touchstone, page 121, it is said: "So that howsoever a limitation hath much affinity and agreement with a condition, and therefore it is sometimes called a condition in law, both of them do determine an estate in being before; and a limitation cannot make an estate to be void as to one person, and good as to another; * * * yet herein they differ: 1. A stranger may take advantage of an estate determined by limitation, and so he cannot upon a condition. 2. A limitation doth always determine the estate, without entry or claim, and so doth not a condition."

The accepted authorities of the common law are collected and aptly condensed with the following statement: "A condition determines an estate after breach, upon entry or claim by the grantor or his heirs, or the heirs of the devisor. A limitation marks the period which determines the estate, without any act on the part of him who has the next expectant interest. Upon the happening of the prescribed contingency, the estate first limited comes at once to an end, and the subsequent estate arises. * * * A conditional limitation is therefore of a mixed nature,

partaking both of a condition and of a limitation; of a condition because it defeats the estate previously limited; and of a limitation, because, upon the happening of the contingency, the estate passes to the person having the next expectant interest, without entry or claim." (*Proprietors of the Church in Brattle Square* v. *Grant,* 69 Mass. 142, 3 Gray 142, 63 Am. Dec. 725.) To- the same effect is *Smith* v. *Smith,* 23 Wis. 176, 99 Am. Dec. 153.

Illustrations from our own decisions show these distinctions have been observed and followed. Thus, a conveyance to a grantee for so long as the property is used for church purposes may be forever, but if it ceased to be used for church purposes the condition upon which the grant is made ends, (*Pure Oil Co.* v. *Miller-McFarland Drilling Co., Inc.,* 376 Ill. 486; *North* v. *Graham,* 235 Ill. 178;) or a grant upon condition that if said grantee herein shall die before the age of twenty-one years then the land shall revert to others, (*Roberts* v. *Dazey,* 284 Ill. 241;) or a deed to a grantee, and upon the death of grantee leaving no widow or children to another, (*Cutler* v. *Garber,* 289 Ill. 200,) are all grants of estates upon conditional limitation. On the other hand, a deed for premises to be used as a church, and in case of failure of such use, grantee to pay a sum to the grantors, (*Board of Education* v. *Trustees of Baptist Church,* 63 Ill. 204;) premises conveyed on condition to pay the debts of another, (*Koch* v. *Streuter,* 232 Ill. 594;) or in consideration of support, (*Phillips* v. *Gannon,* 246 Ill. 98;) or a condition that grantee pay grantor's children $500 each, (*Nowak* v. *Dombrowski,* 267 Ill. 103;) or a conveyance to a village on condition that a town hall be erected, with a provision for reverter, (*Village of Peoria Heights* v. *Keithley,* 299 Ill. 427;) or a deed made subject to the payment of an annuity for the life of the grantor, with provision for reverter, (*Powell* v. *Powell,* 335 Ill. 533; *Plummer* v. *Worthington,* 321 Ill. 450,) are all illustrations of conditions subsequent.

Courts prefer to construe provisions that terminate an estate as conditions subsequent rather than conditional limitations, and in doubtful cases will so construe them. (*Rooks Creek Evangelical Lutheran Church* v. *First Lutheran Church,* 290 Ill. 133.) Conditions subsequent which destroy an estate are not favored and will not be enlarged. (*McElvain* v. *Dorris,* 298 Ill. 377.) Such covenants are to be strictly construed. · (*Dodd* v. *Rotterman,* 330 Ill. 362.) If the parties intended the estate to vest and the grantee to perform acts, or refrain from certain acts after taking possession, it is a condition subsequent. *Hooper* v. *Haas,* 332 Ill. 561.

The foregoing cases clearly show the line of cleavage between an estate upon conditional limitation and a conveyance subject to a condition subsequent. If the deed contains language which purports to pass immediate title, but limits its duration by some event which may or may not happen, a conditional limitation is created, because there is always a possibility of reverter to the grantor. The estate fails upon the happening of the event by its own terms, because it comes within the condition which limits it, and it is self-operative.

On the other hand, a breach of a condition subsequent does not revest title in the original grantor or his heirs. (*Newton* v. *Village of Glen Ellyn,* 343 Ill. 489; *Powell* v. *Powell,* 335 Ill. 533; *McElvain* v. *Dorris,* 298 Ill. 377.) Re-entry is necessary to revest title, (*Powell* v. *Powell,* 335 Ill. 533;) and a court of equity will not aid a forfeiture where no right of re-entry is provided in the covenant. (*Newton* v. *Village of Glenn Ellyn,* 374 Ill. 50.) The deeds in question did not contain a right of re-entry. Under the authorities, the restrictions in the deed did not constitute a conditional limitation.

The action brought by the plaintiffs was partition. In order to maintain partition, it is requisite that the plaintiffs have title. (*Hart* v. *Lake,* 273 Ill. 60; *Harris* v.

*Ingleside Building Corp.* 370 Ill. 617; *Webster* v. *Hall,* 388 Ill. 401.) Appellants rely upon the *Ingleside case,* which, among other things, held that an equitable title could, in the same proceeding, be converted into a legal title sufficient to support partition. Here, however, re-entry being necessary to effect the forfeiture, and there being no reservation of a right of re-entry, it was not within the power of equity to make the legal estate necessary to maintain a suit in partition. (*Newton* v. *Village of Glen Ellyn,* 374 Ill. 50.) There being no title in the plaintiffs, and there having been no re-entry, or provision for re-entry, the case was properly dismissed, as lacking in the elements necessary to maintain a partition suit.

We have indicated above that there was not a conditional limitation which would terminate the estate of its own force, and that the plaintiffs have not established that they are entitled to a forfeiture under a condition subsequent. There is a finding by the court that the plaintiffs had actually a constructive knowledge of the sale of liquor, for a period of time, which would render it highly unjust and contrary to the doctrines of equity for them to divest the defendant of title purchased for a valuable consideration and in good faith.

The court also found that releases had been given to other owners in the subdivision by the plaintiffs, and by John W. Ellis, one of the plaintiffs' attorneys, which had created a change in the neighborhood from that contemplated in the original grant. If the provisions in the deed were construed as a restrictive covenant, they could not be enforced by the plaintiffs because the stipulation of facts and findings of the court show that the change in the circumstances and use of the property in the subdivision has been brought about by the acts of the grantors or their assigns. Under such circumstances, they cannot be enforced. *Cuneo* v. *Chicago Title and Trust Co.* 337 Ill.

589; *Ewertsen* v. *Gerstenberg*, 186 Ill. 344; *Star Brewery Co.* v. *Primas,* 163 Ill. 652.

If the contention of appellants were correct, that the deed in question contained a conditional limitation, it would not aid them. In such case, as pointed out, no re-entry would be necessary and the estate would terminate immediately upon breach without action or re-entry. That being the case, the fourth paragraph of section 3 of the Limitations Act (Ill. Rev. Stat. 1943, chap. 83, par. 3,) would apply. The statute provides that if a person claims an estate by reason of a forfeiture or breach of condition, his right shall be deemed to have accrued when the forfeiture occurred or the condition was broken. This section must be construed in connection with section 6 of the same act. The use of said premises as a saloon commenced before appellee obtained a deed therefor. The deed to appellee purporting to convey the entire estate constituted color of title in good faith, and taxes were paid for more than seven years. This would give appellee a good title, even if the position assumed by appellants was correct. Under either construction, the facts and the law bar the plaintiffs from recovery.

The deed to the original grantors cannot be construed as creating a conditional limitation. As a condition subsequent, appellants are not entitled to recover. Considered as a restrictive covenant, all rights of enforcement have been waived. And assuming appellants' contention that the estate was terminated by breach of condition, they are barred from recovery by the Statute of Limitations.

The decree denying the plaintiffs' right to recover, and confirming the title of the appellee, was correct, and is hereby affirmed. *Decree affirmed.*