ROMY HAMMES, Plaintiff-Appellee, *v.* ANGELO ESPOSITO, Defendants-Appellants—(LEO AGORANOS *et al.*, Intervenors-Appellants, *v.* ROMY HAMMES *et al.*, Defendants-Appellees.)

(No. 57098; )

First District (4th Division)—January 31, 1973.

Ash, Anos and Harris, of Chicago, (George J. Anos and Lawrence M. Freedman, of counsel,) for intervening-appellants Leo Agoranos *et al.*

Peterson, Ross, Rall, Barber & Seidel, of Chicago, (Gerhard E. Seidel, John G. Campbell, and John W. McCullough, of counsel,) for appellees.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

This appeal arises out of an action in ejectment. The plaintiff, Romy Hammes, filed a complaint in the Circuit Court of Cook County in which he sought to enforce against the defendants, Angelo Esposito, Suburban Trust & Savings Bank and Everett Lewy, a right of reentry under the terms of an assignment to the defendants of a long term lease. The intervenors, Leo and Perry Agoranos, with leave of court, filed a petition in which they asserted that a certain judgment lien in their favor and against the defendant, Angelo Esposito, with respect to the subject property was superior to the interests of both the plaintiff and defendant. Both plaintiff and defendant filed answers to the intervening petition. Plaintiff also filed a motion requesting that the court determine the priority of his interest. After hearing argument the court found that the interest sought to be enforced by the plaintiff was superior to that asserted by the intervenors and that the plaintiff and defendant could

compromise the ejectment action free from any lien asserted by the intervenors. An order to this effect was entered, and the intervenors appealed.

On appeal the intervenors contend first, that the language of plaintiff's assignment does not create a right of reentry, but merely an action for breach of covenant; second, that even if the assignment does create a right of reentry, such an interest is void in the circumstances of the present case and third that in any event the interest of the plaintiff cannot be asserted to forfeit the interest of the intervenors.

The facts as they pertain to this appeal are as follows: The property which is the subject of the controversy is that, commonly known as, 120 South State Street, Chicago. On April 28, 1902, John Traynor, the fee owner, executed and delivered to the Empire State Cloak and Suit Company a leasehold in the property for a period of 99 years. Empire State's successor in interest assigned this leasehold to the Singer Sewing Machine Company on November 7, 1904, and Singer assigned the balance of the lease to Romy Hammes, the plaintiff, on November 28, 1955. Under the terms of the assignment the plaintiff agreed, among other things, to pay the annual ground rent to the fee owners and to indemnify Singer against any damages resulting from the failure of the plaintiff or his assigns to perform certain covenants in the lease.

On December 23, 1965, the plaintiff executed an assignment of the lease to the First Church of the Nazarene of Chicago, and it is under the terms of this assignment that he claims his right of reentry. The assignment provides in relevant part:

"6. The gift herein made by the Donor [Romy Hammes] to the Donee [the Nazarene Church] is of a substantial and valuable Leasehold interest and the Donee in assuming the obligations of ownership of said Leasehold has expressly agreed to be bound by and to keep, observe and perform all of the requirements contained in Paragraphs 4 and 5 hereof, and further agreed with the Donor that if default shall be made by the Donee in the payment of any installment of rent when due as in said Lease provided or if the Donee shall fail to pay any assessment or any taxes lawfully levied, assessed or charged against the demised premises or which might become a lien upon said premises or improvements thereon, or if the Donee shall default in the performance of any of the terms or provisions of said Lease or of this Assignment, and any such default shall continue unremedied for a period of Fifteen (15) days in the case of a rent default or of Sixty (60) days in the case of any other default, after the Donee first knows of, or is notified concerning, the default, or if the Donee (or in the event of a

transfer of the Donee's interests in said Lease or the premises, then if the transferee or transferees, or any thereof, or any of the heirs, successors, legal representatives and assigns thereof having any interest in this Lease or the premises) shall become bankrupt * * * or shall make an Assignment for the benefit of creditors, or if a receiver thereof, in equity, bankruptcy, or under any provisions of any State or United States law or otherwise, be appointed, voluntarily or involuntarily, or if the Donee shall abandon the premises, then, and in any of such events, *the Donor, at his election, shall have the right to declare this transfer and Assignment ended and thereupon may re-enter said premises and take full and complete possession* thereof and of the improvements upon the demised premises, with or without process of law, free on any interest of the Donee therein; and that in such event the Donor shall have the full right of possession of said premises free of any right or interest of any and all subtenants and of the rights or interests of any Leasehold Mortgagee or Lienor.

\* \* \*

9. All of the provisions, obligations, agreements, covenants and conditions herein contained shall inure to the benefit of and be binding upon the heirs, legal representatives, successors and assigns of the parties hereto." (Emphasis added.)

On October 30, 1967, the Nazarene Church assigned its interests to Jarrell W. Gunstream. The assignment to Gunstream contained provisions identical to those set forth above and, in addition, contained a provision obligating Gunstream to assume possession subject to the terms of the assignment from the plaintiff to the Nazarene Church. On April 30, 1969, Gunstream assigned his interest to Angelo Esposito, one of the defendants. This assignment subjected Esposito to all of the provisions of the October 30, 1967 assignment from the Nazarene Church to Gunstream.

Concurrently with the execution of the last assignment, the plaintiff, the Singer Company, Gunstream and Esposito executed a document entitled "Agreement and Consent" under the terms of which Esposito assumed the obligations of Gunstream, which were contained in the plaintiff's assignment to the Nazarene Church and assumed by Gunstream in the October 30, 1967, assignment to him. The agreement further provided that "[n]othing herein shall diminish Singer's rights and privileges under the Singer-Hammes assignment" and that:

"The Singer Company does not by the execution of the within Agreement and Consent release Romy Hammes from any of his liabilities and obligations to said The Singer Company, all of which will continue in full force and effect."

The plaintiff filed his action in ejectment against Esposito on October 28, 1970, alleging failure to pay the ground rent due the fee owners, failure to pay the real estate taxes levied upon the property and failure to keep the property free from mechanic's liens. The intervenors asserted their interest in the property by virtue of a judgment against Esposito obtained March 7, 1966, in the Circuit Court of Cook County and duly filed with the Cook County Recorder of Deeds.

The intervenors' first contention is that with respect to Esposito the language of the Hammes-Nazarene Church assignment does not create a power of termination and right of reentry, but an action for breach of covenant. They note that the phrase, "or in the event of a transfer of the Donee's interest in said Lease or in the premises, then, if the transferee or transferees, or any thereof, or any of the heirs, successors, legal representatives and assigns thereof, having any interest in this lease or the premises," appears after the word "Donee" only in the section dealing with insolvency and bankruptcy and argue that therefore the right of reentry as to transferees of the Nazarene Church is limited to such situations. As a corollary to this argument they assert that the use of the word "Donee" alone in those sections dealing with failure to pay rent and taxes and to keep the property free from mechanic's liens, is meant to limit the right of reentry for failure to perform these obligations to defaults by the Nazarene Church only and not to extend it to defaults by Nazarene's transferees.

■■ We do not agree that the language creates so limited a right. It is a fundamental rule of construction that a document must be considered as a whole and that the intent of its drafters cannot be ascertained from isolated phrases. (*Martindell v. Lake Shore National Bank,* 15 Ill.2d 272.) Viewing the Hammes-Nazarene assignment as a whole we are satisfied that the document is meant to preserve a power of termination and right of reentry as to the transferees of Nazarene in the event of any default of the obligations set forth in the lease or the assignment. In this regard, we believe it significant that paragraph 6 of the assignment, wherein the obligations of the assignee are set forth, provides that "in any of such events, the Donor [Hammes], at his election, shall have the right to declare this transfer and assignment ended and thereupon may reenter said premises * * *." In addition, paragraph 9 provides that all of the provisions of the assignment shall inure to the benefit of and be binding on the successors and assigns of the parties thereto.

We also regard it as significant that, even if we were to adopt the view urged by the intervenors, the subsequent agreements entered into by the transferees of the Nazarene Church are sufficient to place Esposito

in the same position vis-a-vis Hammes as the Nazarene Church. In the Nazarene-Gunstream assignment Gunstream specifically took possession subject to the terms of the Hammes-Nazarene assignment. The Gunstream-Esposito assignment subjected Esposito to the provisions of the Nazarene-Gunstream assignment, and the "Agreement and Consent" executed contemporaneously provided that Esposito should assume Gunstream's obligations under the Nazarene-Gunstream assignment. Thus it is apparent that even if the right of reentry stated in the Hammes-Nazarene assignment was meant to be limited to defaults of Nazarene, Esposito acceded to Nazarene's position through the agreements set forth above and stood in the same position with respect to Hammes.

The intervenors also argue that if the Hammes-Nazarene assignment is ambiguous as to whether it creates a right of reentry or merely an action for breach of covenant, well established rules of construction require that such ambiguity be resolved in favor of an action for breach of covenant. As we have concluded that the document, read as a whole, is not ambiguous and clearly creates a right of reentry, therefore, we need not consider this argument. Were we to consider it, we would point out that the rule to which the intervenors refer has generally found its application in cases where the language of the instrument does not specifically mention a right of reentry. (See *Newton v. Village of Glen Ellyn*, 374 Ill. 50; *Dodd v. Rotterman*, 330 Ill. 362.) In cases such as the one presently before us where the instrument specifically grants a right of reentry, referring to it in those terms, our courts have uniformly held that this removes all doubt as to the nature of the interest created. (*Koch v. Streuter*, 232 Ill. 594; *Druecker v. McLaughlin*, 235 Ill. 367.) We hold therefore that the Hammes-Nazarene assignment, read in its entirety and taken together with the subsequent assignments, created a power of termination and a right of reentry in the plaintiff as against Angelo Esposito.

■■ Having thus concluded, we turn to the intervenors' contention that even if the plaintiff retained a power of termination and right of reentry the interest is void in the circumstances of the present case. The intervenors argue that when the plaintiff assigned the leasehold to the Nazarene Church he assigned away all of his rights and obligations in it, retaining only what the intervenors characterize as a "naked power of termination". They point out that the present case is unlike those in which the holder of the power of termination and right of reentry is also the holder of the reversion in fee, since the reversion in fee is in the heirs of Traynor, and therefore that the plaintiff has no interest in the property upon which to base his right of reentry.

The record does not support this argument. It is, of course, undisputed

that the reversion in fee in the subject property is in the heirs of Traynor. It is equally clear, however, that Hammes remained obligated to Singer for the performance of the covenants in the lease even after its assignment to the Nazarene Church. In the original assignment from Singer to the plaintiff the plaintiff obligated himself to indemnify Singer against damages resulting from the failure of himself or his assigns to perform the covenants in the lease. When he executed the "Agreement and Consent" at the time of the Gunstream-Esposito assignment he expressly reaffirmed his obligation to Singer, indicating that it was contemplated by all parties concerned that he should continue to be responsible to Singer for the performance of the lease. In the event of the default of one of the assignees, the plaintiff would have been liable to Singer for the resulting damage. His only means of protecting himself from potential liability to Singer in such an event was the power of termination and right of reentry, by which he could perform the obligations himself if circumstances so required. For this reason we believe that he had more than a naked power of termination and that nothing in the public policy of Illinois requires that his interest be deemed void.

■■■ The intervenors' final contention is that the plaintiff's power of termination with respect to Esposito cannot be exercised in such a way as to forfeit their interest in the property. In this regard, it is well established in Illinois that the lien of a judgment creditor attaches only to the interest of the judgment debtor, and that if such interest is extinguished by the happening of some condition, the lien is likewise extinguished. (*Sparrow v. Wilcox*, 272 Ill. 632.) In the present case the interest acquired by Esposito was subject to the plaintiff's power of termination and right of reentry. Thus the lien of the intervenors as judgment creditors was subject to the plaintiff's interest as well. With this in mind, we believe that the trial court was correct in concluding that the interest of the intervenors was inferior to that of the plaintiff and that the plaintiff and Esposito could compromise the ejectment action free from the lien of the intervenors' judgment.

For the foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

ADESKO and DIERINGER, JJ., concur.