## Edward C. Eidman, Plaintiff in Error, v. E. F. Drewes, Defendant in Error.

Opinion filed January 23, 1933.   Rehearing denied February 25, 1933.

JAMES O. MILLER, for plaintiff in error.

HERBERT F. LILL, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Certain real estate was incumbered by three mortgages of $20,000, $10,000 and $8,000.   The mortgagor

conveyed the premises to Mr. Drewes, the deed containing a recital that the grantee assumed and agreed to pay all of the mortgages. The second mortgage of $10,000 was foreclosed and at the master's sale Mr. Eidman became the purchaser. The proceeds of the sale were sufficient to pay the second and third mortgages. Shortly after the sale Mr. Eidman purchased Mr. Drewes' interest in the real estate together with certain personal property and Drewes executed and delivered to Eidman a quitclaim deed for the premises containing a recital to the effect that Mr. Eidman assumed all existing mortgages and outstanding obligations which were a lien on the premises. That deed is under seal and is dated September 18, 1930.

Eidman sued in assumpsit to recover $600 on the theory that Drewes had falsely represented to him that the interest on the $20,000 mortgage was paid until April 15, 1930, whereas $600 was due on that date for six months' interest and the same had not been paid. It is quite evident that Eidman accepted the deed from Drewes knowing that it required him to assume and pay the $20,000 mortgage and all outstanding obligations then liens on the premises. That would necessarily include the interest in question.

Having accepted the deed Eidman is bound by the agreement therein contained as effectually as if he had signed the deed. *Powell v. Powell,* 335 Ill. 533, 537. In an action at law a sealed instrument cannot be impeached for fraud which extends only to the consideration and does not inhere in the execution of the instrument itself. *Bach Brick Co. v. City of Chicago,* 335 Ill. 101, 104.

Mr. Eidman has misconceived his remedy. He does not claim that there was any fraud in the execution of the deed itself but only as to the consideration. If he feels that he is entitled to relief he must resort to a court of equity to reform the deed so as to relieve him

from payment of the interest on the $20,000 mortgage for the six months ending April 15, 1930, and if he is entitled to such relief, he may recover in the same suit the amount of such interest. He was not entitled to recover in this suit in any event and for that reason it is immaterial whether errors occurred in the course of the trial. The judgment is affirmed.

*Affirmed.*