(No. 22259.—

O. F. JOHNSON *et al.* Plaintiffs in Error, *vs.* NICK D. GIANACAKOS, Defendant in Error.

*Opinion filed April 21, 1934—Rehearing denied June 8, 1934.*

DAVID J. PEFFERS, and MIGHELL, ALLEN & LATHAM, for plaintiffs in error.

HADLEY, WEAVER & WOODWARD, (CHARLES W. HADLEY, HARRY G. WEAVER, and PALMER LEREN, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

Specific performance of a contract to purchase land was sought in a bill filed by O. F. Johnson and wife, plaintiffs in error, against Nick D. Gianacakos, defendant in error, in the circuit court of DuPage county. Defendant answered the bill and also filed a cross-bill seeking the return of earnest money paid by him. Both bills were dismissed for want of equity, and this writ of error followed. No cross-errors were assigned by defendant.

Complainants entered into a written contract with defendant in March, 1926, whereby they agreed to sell to him a 57-acre tract of land on the east fork of the DuPage river for $60,000. Defendant paid $2000 earnest money, and, though he read the contract, he understood that its legal description covered the property he desired to buy. By his answer he claimed that a mistake was made as to the particular tract to be conveyed, and he therefore refused to proceed under the contract. Complainants maintain that the defense in this case is based upon fraud and circumvention. On the contrary, defendant asserts that the minds of the parties did not meet because of mistaken identity as to the subject matter.

Out of the maze of conflicting evidence one can gather some pertinent facts. Complainants listed the tract with a realty firm in Cicero. This firm employed a man named Preston, who in times past had been able to sell other lands to defendant. According to Preston's testimony defendant became interested in the tract in question. Defendant admitted becoming interested, but said he thought he was negotiating for a different tract located several miles east of the east fork of the DuPage river, which he had previously seen. He did not inspect either of the two tracts in Preston's company, and after some skirmishing over the price he signed the contract, believing, as he says, that he was buying different land from that actually described in the agreement. Complainants did not own the tract defendant supposed he was buying. Some time later, while on a pleasure drive, defendant said he noticed a sign on a 57-acre tract on the east bank of the east fork of the DuPage river which offered the tract for sale by complainants. He testified that this caused him to have some doubt about what he had agreed to buy under the contract. Investigation showed this doubt to be well founded. He said he then saw Preston and told him the tract covered by the contract was not the one he wanted to buy and demanded return of his earnest money.

Only one of the several points raised by complainants need be considered in disposing of this case—*i. e.*, that the chancellor's action in dismissing their bill was not justified or supported by the evidence. In this regard they contend that defendant entered into the contract with his eyes open but afterwards repented of his bargain and now seeks by evasion, subterfuge and falsehood to avoid liability. This court has held in numerous decisions that specific performance of a contract will not be decreed unless it has been entered into with perfect fairness and without mistake, misrepresentation or oppression. (*Frisby* v. *Ballance,* 4 Scam. 287; *Proudfoot* v. *Wightman,* 78 Ill. 553; *Union*

*Colliery Co.* v. *Fishback,* 299 id. 165.) Specific perform-
ance of a contract cannot be demanded as a matter of right.
Whether or not it shall be awarded rests in the sound dis-
cretion of the chancellor and is to be determined from all
the facts and circumstances surrounding the case. Unless
the record shows that the parties to a contract have entered
into it fairly and understandingly specific performance will
not be granted. (*Carver* v. *VanArsdale,* 312 Ill. 220.)
Specific performance will not be decreed when it would be
unconscionable to do so. (*Stephens* v. *Clark,* 305 Ill. 408.)
"The law is well settled," we said in *Arliskas* v. *Arliskas,*
343 Ill. 112, "that where the evidence is conflicting the find-
ing of the chancellor will not be disturbed unless it is clearly
against the preponderance of the evidence. The chancellor
saw the witnesses and heard them testify and was in much
better position to determine their credibility than we are.
A court of review will not disturb the findings of fact of
the chancellor under such circumstances unless it is apparent
that error has been committed."

Applying the above principles to the present case, we
are convinced that the evidence for defendant, when con-
sidered in the light of the opposite evidence, warranted
the chancellor in dismissing complainants' bill for want of
equity. The evidence shows that the day before the con-
tract was signed Preston told defendant that he had some
good acreage on Roosevelt road. At this time Preston
stated that the property he had for sale was on Salt creek,
not far from York road. Defendant stated he was well
acquainted with this property, and if Preston would pre-
pare a contract he would sign it, as the price mentioned
was satisfactory. Preston opened a map and pointed out a
tract of land on Roosevelt road and Salt creek and placed
a pencil mark on the map, and they thereafter carried on
a general conversation about different real estate. The next
morning Preston again called at defendant's place of busi-
ness, having with him the contract in question. Defendant

then signed, believing that the premises described in the contract were the premises that Preston had pointed out to him, located on Roosevelt road and Salt creek, near York road and south of Elmhurst. At that time defendant gave Preston his check for $2000 payable to the realty firm, and this check was duly cashed. The following Sunday defendant became doubtful of the location of the tract described in the contract, as above stated, and notified Preston of the mistake that same evening. Preston told him he would see him in the morning, and on the following morning Preston called at defendant's store, where, according to defendant, Preston admitted that they had both made a mistake. There was considerable discussion between defendant and Preston, the latter attempting to show that the property defendant had seen near Glen Ellyn, on the DuPage river, was a better piece of property than that located on Salt creek. The evidence further shows that defendant was well acquainted with the property which he thought he was buying, located on Roosevelt road and Salt creek, near York road and south of Elmhurst, and that he had gone to the forest preserve near this property twenty times a year or more with his wife and family.

A review of the proceedings before the chancellor shows that, despite the contradictory nature of much of the testimony, there was ample proof of a mistake in the identity of the land involved to make it inequitable to enforce the contract. Under these circumstances the chancellor properly dismissed the bill for want of equity.

Whether defendant's cross-bill seeking re-payment of the $2000 advanced by him was improperly dismissed is not open to inquiry, as no cross-errors were assigned.

The decree of the circuit court is affirmed.

*Decree affirmed.*